UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**EDUARD FERNANDEZ**                       **DOCKET NO. 24-cv-1157**
                                                                        **SECTION P**

**VERSUS**                                             **JUDGE DAVID C. JOSEPH**

**WARDEN MARTINEZ, JR.**               **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Eduard Fernandez. Fernandez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Fernandez is in custody pursuant to a judgment entered in the United States District Court for the Southern District of New York. Doc. 9, p. 1, ¶ 4. Through the instant petition, he seeks compassionate release from custody due to medical issues. *Id*. at p. 2, ¶ 5.

### II.
#### LAW & ANALYSIS

A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Even when a petitioner seeks injunctive relief, habeas remains an inappropriate vehicle. *E.g.*, *Figueroa v. Chapman*, 347 Fed. App'x 48, 50 (5th Cir. 2009); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990).

### C. Application

Petitioner's request for compassionate release from prison is not cognizable in a § 2241 petition because it concerns the medical needs of a prisoner, not unconstitutional or illegal confinement. *Figueroa*, 347 Fed. App'x at 50. Therefore, this court lacks jurisdiction to consider the petitioner's request for compassionate release. If the petitioner wishes to pursue his request for compassionate release, he may do so by filing a motion to reduce sentence under 18 U.S.C. § 3582(c) in the sentencing court.

## III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and this matter be **DISMISSED WITHOUT PREJUDICE**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 9th day of October, 2025.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE